C. M. LUMM, Respondent, v. JOHN F. HOWELLS, as Sheriff of Salt Lake County, Appellant.

No. 1487.   (74 Pac. 432.)

1. Conversion: Evidence: Hearsay: Conclusion: Res Gestae.
   In an action by the purchaser of property against a sheriff for conversion by attachment thereof as the property of the vendor, the admission, to prove ownership, of evidence of statements by the vendor that he had sold out to the other, being self-serving, is prejudicial error.

2. Same.
   The evidence is also inadmissible as hearsay.

3. Same.
   Evidence of statements of former owner of property as to a sale thereof are inadmissible as *res gestae* where there is no evidence how soon after the sale they were made.

(Decided December 9, 1903.)

Appeal from the Third District Court, Salt Lake County.—*Hon. Samuel W. Stewart,* Judge.

Action to recover the value of certain goods which the plaintiff claimed the sheriff wrongfully converted to his own use and to recover damages for such conversion. From a judgment in favor of the plaintiff, the defendant appealed.

REVERSED.

*C. S. Patterson, Esq.,* and *Geo. W. Moyer, Esq.,* for appellant.

*Barlow Ferguson, Esq.,* for respondent.

BARTCH, J.—This action was brought to recover the value of certain goods and chattels which the plaintiff claims the sheriff wrongfully converted to his own use, and to recover damages because of such conversion. From the record it appears that the property in question consisted of the contents of a saloon and fixtures. The sheriff, about September 20, 1900, it seems, levied upon the property, and took the same into his possession by virtue of a writ of attachment issued in an action wherein Idelman Bros. were plaintiffs and B. K. Brockmeyer was defendant. At the time of the levy the goods were in the possession of the plaintiff, who claimed to have purchased them from B. K. Brockmeyer, who is the wife of F. W. Brockmeyer. The latter, it appears, up to the time of the alleged sale, was running the saloon for his wife, and he claims to have negotiated said sale for her as her agent. When the levy was made, the plaintiff had been in possession and running the saloon for about a week. The jury at the trial of this cause returned a verdict in favor of the plaintiff, and the defendant appealed.

The only question requiring our consideration is one relating to the admission of evidence. In the course

27 Utah 6

of the trial the witness Ben Coulson, testifying for the plaintiff, was asked, during his examination in chief, a question, as follows: "State what was said on that occasion between Mr. Lumm and Mr. Brockmeyer." This was objected to by the defense that it was immaterial, irrelevant, incompetent, and not responsive. The court overruled the objection, and the witness answered: "I went back into the wineroom with the drinks, and Mr. Brockmeyer said to me, 'I have sold out to Mr. Lumm.' He said, 'I have sold out to Mr. Lumm; bring us a drink.' So I brought them a drink." These statements thus testified to were made to a third party in Osborne's saloon. Other testimony, similar in character, was admitted over the objections of the defense. We think the objections to this evidence were well taken, and should have been sustained. Ownership of the property by Lumm was alleged in the complaint, and denied in the answer. Ownership was in issue, and these statements were evidently introduced for the purpose of showing that Lumm was the real owner at the time of the levy and seizure. They were made in the absence of the defendant, are mere conclusions and hearsay, and there is nothing to show, or to warrant the assumption of the respondent, that they were a part of the *res gestae*. How long after the alleged sale they were made does not appear. They were therefore not admissible to establish ownership, but were mere self-serving declarations, made by one disposing of goods in the face of a creditors' suit, and ought to have been excluded. The statement, "I have sold out to Mr. Lumm," is a mere conclusion, and was not admissible for any purpose. The evidence in dispute was doubtless considered by the jury in determining the question of ownership of the goods when the levy was made, and was prejudicial to the defendant.

The judgment must therefore be reversed, with costs, and the cause remanded, with directions to the court below to grant a new trial. It is so ordered.

BASKIN, C. J., and McCARTY, J., concur.